CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

January 20, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN LAMONT TURNER, ) | |
|     Plaintiff, ) | Civil Action Nos. 7:25-cv-00414 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MARY GRACE ECHOLS, *et al.*, ) |     Chief United States District Judge |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Brian Lamont Turner, a Virginia inmate proceeding *pro se*, brought this action against Mary Grace Echols and Brian Charity, alleged to be agents of the Federal Bureau of Investigation. (Dkt. No. 1.) Because the defendants are federal law enforcement agents, the court construes this action as a complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). For the reasons stated below, the court concludes that the complaint fails to state a claim, and it must be dismissed for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted).

In 42 U.S.C. § 1983, Congress has provided a remedy against *state* employees for violation of a plaintiff's federal constitutional rights. Congress has not provided any such

remedy against federal employees.  *Annappareddy v. Pascale*, 996 F.3d 120, 132–33 (4th Cir. 2021).  The Supreme Court in 1971 recognized an implied right to damages from individual federal employees, acting under color of federal law, for violation of the Fourth Amendment in *Bivens*.  More recently, the Court has strictly limited the scope of permissible claims under *Bivens*, articulating a two-step process for determining whether *Bivens* applies.  First, courts must decide whether a claim differs in any meaningful way from the only three Supreme Court cases[1] that have permitted a cause of action against federal employees for violation of constitutional rights.  *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017).  If the claim does not fall "precisely under *Bivens, Davis*, or *Carlson*," the court must consider whether other factors warrant hesitation in extending a *Bivens* remedy.  *Id.* at 136.  The Court has stated that a "claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."  *Hernandez v. Mesa*, 589 U.S. 93, 103 (2020).  Courts are "clearly warned to act with the utmost hesitation when faced with actions that do not fall precisely under *Bivens*, *Davis*, or *Carlson*."  *Tate v. Harmon*, 54 F.4th 839, 845 (4th Cir. 2022); *see also Abbasi*, 582 U.S. at 147 (cautioning that "a modest extension is still an extension").

Turner's claim is that defendants violated his Fourth Amendment rights when they conducted a warrantless search and seizure of his personal cell phone.  In a criminal proceeding against Turner, the court granted Turner's motion to suppress based on the warrantless search of

---

[1] *Bivens*, 403 U.S. at 389 (allowing suit under the Fourth Amendment against agents of the Federal Bureau of Narcotics, in their individual capacities, for placing a man in shackles in front of his family, searching his apartment without a warrant, threatening to arrest his whole family, and arresting him with neither a warrant nor probable cause); *Davis v. Passman*, 442 U.S. 228, 230 (1979) (allowing suit against a Congressman for gender discrimination in violation of the equal protection component of the Fifth Amendment's Due Process Clause); and *Carlson v. Green*, 446 U.S. 14, 18 (1980) (permitting an Eighth Amendment suit against prison officials for deliberate indifference in failing to treat an inmate's asthma, resulting in his death).

his cell phone.  *See* Case No. 3:24-cr-8, Dkt. No. 121.  Turner's phone had been recovered by a complainant and turned into a police department in South Carolina.  The phone was later released to the FBI and searched without a warrant.  (*See id.*)  While *Bivens* also involved a Fourth Amendment violation, courts "do not define a *Bivens* cause of action at the level of 'the Fourth Amendment' or even at the level of 'the unreasonable searches-and-seizures clause.'"  *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).  This case is different from *Bivens* in several respects.  *Bivens* arose in a private home and involved a search for narcotics.  Also, Bivens' home was searched "stem to stern" and Bivens was strip-searched.  Thus, Turner's claim arises in a new context.  *See, e.g.*, *Smith v. Clark*, No. 5:19-CV-00675-JKP, 2020 WL 5820534, at *4 (W.D. Tex. Sept. 29. 2020) (distinguishing Fourth Amendment claim alleging warrantless search of cell phone from *Bivens* as arising in a new context).

      Having determined that plaintiff's claims present a new context, the next inquiry for the court is "whether there are any special factors that counsel hesitation about granting the extension of *Bivens*."  *Tate*, 54 F.4th at 844 (citing *Hernandez*, 589 U.S. at 102).  The Supreme Court has directed that the "special factors" inquiry must center on "separation-of-powers principles" and "requires that a court ask whether judicial intrusion into a given field is appropriate."  *Bulger v. Hurwitz*, 62 F.4th 127, 137 (4th Cir. 2023) (citing *Hernandez*, 589 U.S. at 94 and *Ziglar*, 582 U.S. at 135).  While the Supreme Court has not provided a comprehensive list of special factors, lower courts are instructed to "consider the risk of interfering with the authority of other branches" and to determine "whether there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy," as well as "whether the Judiciary is well suited, absent congressional action, or instruction to consider and weigh the costs and benefits of allowing a damages action to proceed."  *Tate*, 54 F.4th at 845 (citing

3

*Hernandez*, 589 U.S. at 102). If there is "reason to pause before applying *Bivens* in a new context or to a new class of defendants," the request to extend *Bivens* should be rejected. *Hernandez*, 589 U.S. at 102.

The existence of a statutory scheme for torts committed by federal officers, such as the Federal Tort Claims Act, is a special factor that "counsels hesitation" in this case. *See Abbasi*, 137 S. Ct. at 1858. When "alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.* at 1863. Moreover, the alternative remedies "need not be perfectly congruent" to preclude a *Bivens* remedy. *Minneci v. Pollard*, 565 U.S. 118, 129 (2012). It is "irrelevant to a 'special factors' analysis whether the laws currently on the books afford plaintiff an 'adequate remedy for his injuries.'" *Hernandez*, 589 U.S. at 114. Thus, the FTCA as a potential remedy dissuades the court from extending the *Bivens* remedy. *See Cantu v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019); *Smith*, 2020 WL 5820534, at *5 (finding that the FTCA as a potential remedy counsels hesitation in extending a *Bivens* remedy against FBI agents).

Based on the foregoing, the court will issue an appropriate order dismissing this action for failure to state a claim.

Entered: January 20, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge